UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HRM, INC. | : | |
| | : | |
| VS. | : | C.A. No. |
| | : | |
| S/V EMERALD CUT, her engines, tackle, apparel, furnishings, equipment, etc. and BONNIE BRIER, INC. | : | CA 07 448 |

**COMPLAINT**

1. This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. At all times material hereto, the plaintiff, HRM, Inc., was and is a corporation organized under and by virtue of the laws of the State of Rhode Island with its principal place of business located in the Town of North Kingstown, Rhode Island.

3. At all times material hereto, the S/V EMERALD CUT was and is a 47.9 foot Hans Christian sailing vessel. Upon information and belief, the S/V EMERALD CUT is currently located in or about Narragansett, Rhode Island, within the jurisdiction of this Honorable Court.

4. At all times material hereto, defendant, BONNIE BRIER, INC., was and is the owner of the S/V EMERALD CUT, and a corporation organized under and by virtue of the State of Florida, with its principal place of business located in Jupiter, Florida.

5. The S/V EMERALD CUT, at all times material hereto, had a value of at least Two Hundred Twenty Thousand and 00/100 ($220,000.00) Dollars.

6. At all times material hereto, plaintiff, HRM, Inc., has been engaged in the business of providing salvage services and has maintained several vessels and extensive equipment for the purpose of salvaging vessels and their cargos in and about the waters of Narragansett Bay, such equipment including vessels built for and especially adapted to the salvage business.

7. At all times material hereto, HRM, Inc. is and was a professional salvor.

8. Included among the vessels owned, maintained and operated by plaintiff in connection with its salvage business is the motor vessel SAFE/SEA BLOCK ISLAND.

9. On or about the evening of August 13, 2007, a report broadcast on VHF Channel 12 concerning a sailing vessel that was dragging her anchor near the far northeast corner of the anchorage at Great Salt Pond, Block Island, Rhode Island.

10. At the time of said report, plaintiff's salvage vessel was upon the waters of Block Island Sound and then proceeded to the location reported on the radio in order to investigate.

11. Plaintiff's salvage vessel arrived on the scene and discovered a large cruising sailboat named S/V EMERALD CUT, dragging her anchor, endangering herself, other anchored vessels, and potentially running aground on the shore of the "Recreation Area" thereby causing pollution damage to the environment. A Block Island Harbormaster unit had also arrived on the scene.

12. When plaintiff heard the report of the drifting vessel over VHF Chanel 12, the weather was partly cloudy with winds SW at 14 knots. A line of severe thunderstorms was being tracked by plaintiff's rescue coordination center. The

thunderstorms were heading toward Block Island with an estimated arrival within one hour.

13. When the plaintiff's rescue vessel and crew arrived on scene, they determined that there was no one on board the S/V EMERALD CUT, and that the vessel was either going to hit another vessel or end up aground on the shore or in the "Recreation Area", an environmentally sensitive protected area for shellfish. Furthermore, anchoring within the borders of the Recreation Area is prohibited by federal law.

14. Prior to plaintiff volunteering its salvage services, the S/V EMERALD CUT was in peril.

15. A crew member of plaintiff's rescue vessel, Douglas Gould ("Gould"), boarded the S/V EMERALD CUT and attempted to energize the electric windlass, but there was no power. Finding the main cabin open, Gould went below deck, found the proper circuit breaker and turned on the windlass. Back on deck, Gould disconnected the snubber and used the windlass to retrieve the anchor and chain. During Gould's attempts to retrieve the anchor and chain, the vessel continued to drag, indicating that the anchor was fouled on some object preventing it from resetting. As the last few feet of chain came to the surface, Gould found a small outboard motor hanging from the S/V EMERALD CUT's CQR anchor. At this point, the S/V EMERALD CUT had dragged well north of the line of "no anchor" buoys and into the Recreation Area. The S/V EMERALD CUT was only a few feet from stranding on harbor bottom.

16. Under the circumstances, the action that was necessary to rescue and remove the S/V EMERALD CUT to the safety of a town emergency mooring required a

high degree of skill and was performed at considerable risk to life, limb and salvage property.

17. With great skill and effort and at great danger and risk to its personnel, equipment, valuable salvage vessel and environmentally protected Recreation Area, plaintiff quickly and professionally stabilized and removed the S/V EMERALD CUT to a place of safety.

18. As a result of plaintiff's action, the S/V EMERALD CUT was saved to the benefit of her owner.

19. Plaintiff's salvage efforts on behalf of S/V EMERALD CUT were successful.

20. Upon information and belief, the value of the S/V EMERALD CUT, her engines, tackle, apparel, furnishings, equipment, etc., in the condition saved amounted to at least Two Hundred Twenty Thousand and 00/100 ($220,000.00) Dollars, all of which was fully saved by reason of the salvage services rendered by plaintiff.

21. The services rendered by plaintiff to the S/V EMERALD CUT were salvage services of a high order of merit that were furnished voluntarily, professionally, promptly, efficiently, skillfully and under conditions that were difficult and dangerous and therefore, plaintiff is entitled to a liberal salvage award.

22. The amount of just compensation claimed for the just and meritorious salvage services in connection with the S/V EMERALD CUT is Twenty Seven Thousand Five Hundred and 00/100 ($27,500.00) Dollars.

23. Plaintiff has a maritime lien, enforceable in this Honorable Court against the aforesaid vessel *in rem* for the full amount of its salvage claim, plus interest, costs and such other relief as this Court deems fit.

**WHEREFORE,** plaintiff, HRM, Inc. prays:

1. That judgment may be entered in favor of plaintiff in the amount of Twenty Seven Thousand Five Hundred and 00/100 ($27,500.00) Dollars, together with interest, costs and attorneys fees and that the S/V EMERALD CUT, her engines, tackle, apparel, furnishings, equipment, etc., may be condemned and sold to pay the same; and

2. That plaintiff may have such other and further relief that the justice so this cause may require.

HRM, Inc.

By its Attorneys,

A. Lauriston Parks, Esq. #0385
53 Narragansett Avenue
Jamestown, RI 02835
(401) 423-8900 – telephone
(401) 560-0186- fax
alp@alparks.net

James T. Murphy, Esq. #1698
Kelly N. Michels, Esq. #6478
Hanson Curran LLP
146 Westminster Street
Providence, Rhode Island 02903
(401) 421-2154 – telephone
(401) 521-7040 – fax
jtm@hansoncurran.com
knm@hansoncurran.com

Plaintiff hereby designates A. Lauriston Parks, James T. Murphy and Kelly N. Michels and as its trial attorneys.

**VERIFICATION**

**John Andrews,** of the Town of North Kingstown, County of Washington, State of Rhode Island, on oath deposes and says:

That he is the President of HRM, Inc., the plaintiff corporation in this matter; that he has read the foregoing complaint and knows the contents thereof; that he has personal knowledge of the matters set forth therein and that the same is true to the best of his knowledge, except as to those matters stated to be on information, and as to those matters he believes it to be true.

**John Andrews,**
**President, HRM, Inc.**

STATE OF RHODE ISLAND
COUNTY OF Washington

Subscribed and sworn to before me this 3rd day of ~~November,~~ December 2007.

Notary Public
My Commission Expires: 6/21/2009