UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

HRM, INC.

VS. C.A. NO.: 07-448 S-LDA

S/V EMERALD CUT, her engines, tackle,
apparel, furnishings, equipment, etc., and BONNIE BRIER,INC.

# ANSWER

## JURISDICTION

1. The allegations contained in Paragraph I are statements of law to which no answer is required. To the extent an answer is required, defendants deny same.
2. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 and therefore deny same.
3. The Defendants admit that S/V Emerald Cut was and is a Hans Christian sailing vessel. The Defendants deny each and every other allegation in Paragraph 3 of Plaintiff's Complaint.
4. Admit.
5. Defendants deny the allegations contained in Paragraph 5.
6. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 and therefore denies same.
7. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 and therefore denies same.
8. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 and therefore denies same.
9. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 and therefore denies same.
10. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 and therefore denies same.

11. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 and therefore denies same.
12. Defendants deny knowledge or information sufficient to form a belief as to the' truth of the allegations contained in Paragraph 12 and therefore denies same.
13. Defendants deny knowledge or information sufficient to from a belief as to the truth of the allegations contained in Paragraph 13 and therefore denies same.
14. Defendants deny the allegations contained in Paragraph 14.
15. Defendants deny knowledge or information sufficient to from a belief as to the truth of the allegations contained in Paragraph 15 and therefore denies same.
16. Defendants deny the allegations contained in Paragraph 16.
17. Defendants deny the allegations contained in Paragraph 17.
18. Defendants deny the allegations contained in Paragraph 18.
19. Defendants deny the allegations contained in Paragraph 19.
20. Defendants deny the allegations contained in Paragraph 20.
21. Defendants deny the allegations contained in Paragraph 21.
22. Defendants deny the allegations contained in Paragraph 22.
23. Defendants deny the allegations contained in Paragraph 23.

WHEREFORE, the defendants pray this Honorable Court dismiss Plaintiff's complaint together with costs and reasonable attorney fees.

## AFFIRMATIVE DEFENSES

The defendants incorporate the following Affirmative Defenses into each and every count of its Answer to plaintiff's complaint.

**AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE,** the defendants state that at the time the alleged salvage services were rendered to the S/V EMERALD CUT, the S/V EMERALD CUT was not, nor had she been prior thereto,

in peril during the period referred to in the Complaint; and as a consequence thereof, the plaintiff is not entitled to compensation for the alleged salvage services.

**AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE,** the defendants state that if the plaintiff performed salvage services as alleged herein, which is specifically denied, such services were negligently performed.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE,** the defendants state that if the plaintiff performed salvage services as alleged herein, which is specifically denied, the plaintiff is limited to compensation based on ***quantum meruit*** for such alleged service.

**AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE,** the defendants state any contract that has been alleged to have been formed is unenforceable because of failure of consideration.

**AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE,** the defendants state that any contract that may have been formed is unenforceable because a failure to reach a mutual understanding of the terms of the contract.

**AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE,** the defendants state that any contract that may have been entered into is unenforceable because its terms are unconscionable.

**AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE,** the defendants state that any contract that may have been entered into is unenforceable because its terms are inequitable.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE**

**DEFENSE,** the defendants state that the Complaint fails to state a cause of action against the defendants.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE,** the defendants state that the transaction alleged herein is not a Maritime transaction within the definition of 9.U.S.C. section 1.

**WHEREFORE,** the defendants pray that ***Plaintiff's Complaint*** be dismissed in its entirety and that costs and reasonable attorneys fees.

Defendants,
S/V EMERALD CUT AND BONNIE
BRIER, INC.

s/ David J. Szerlag
David J. Szerlag
#4261
Attorney for Defendants
Foley & Mansfield, P.L.L.P.
Suite 1200
250 Marquette Avenue
Minneapolis, MN 55401
Telephone: (612) 338-8788
Fax: (612) 338-8690
dszerlag@foleymansfield.com

## CERTIFICATION

I, hereby certify that I mailed a true copy of the within to:

Kelly N. Michels #6478
James T. Murphy, Esq. #1698
Hanson Curran LLP
146 Westminster Street
Providence, RI 02903

A. Lauriston Parks #0385
53 Narragansett Avenue
Jamestown, RI 02835

Dated: January 11, 2008

s/ David J. Szerlag
David J. Szerlag
#4261
Attorney for Defendants
Foley & Mansfield, P.L.L.P.
Suite 1200
250 Marquette Avenue
Minneapolis, MN 55401
Telephone: (612) 338-8788
Fax: (612) 338-8690
dszerlag@foleymansfield.com